**IN THE COURT OF APPEALS OF IOWA**

No. 23-1923
Filed October 1, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICHARD LAWSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney,

Judge.


A defendant challenges the sufficiency of the evidence supporting his

conviction. **AFFIRMED.**


Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for

appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney

General, for appellee.


Considered without oral argument by Ahlers, P.J., Langholz, J., and

Telleen, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**AHLERS, Presiding Judge.**

Richard Lawson was driving a silver hatchback northbound on a relatively busy street in Marshalltown in January 2022 when he ran into a southbound sport utility vehicle (SUV) that was attempting to turn left in front of him. A passenger in the SUV suffered serious injuries from the collision. After an investigation revealed that Lawson was driving erratically, the State charged Lawson with serious injury by vehicle based on the SUV passenger's injuries. Lawson waived his right to a jury trial, and the case proceeded to a bench trial. The district court found Lawson guilty, and he appeals.[1] He challenges the sufficiency of the evidence supporting his conviction.

We review for correction of errors at law. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). We review sufficiency-of-the-evidence challenges following a bench trial the same as we do following a jury trial. *State v. Myers*, 924 N.W.2d 823, 826 (Iowa 2019). That means we affirm if the verdict is supported by substantial evidence. *Id.* In determining whether substantial evidence supports the verdict, we view the evidence in the light most favorable to the district court's decision. *Id.* at 826–27. This includes giving that decision all legitimate inferences and presumptions that can be deduced fairly and reasonably from the evidence. *Crawford*, 972 N.W.2d at 202. Evidence is substantial if it is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.*

---

[1] Lawson's wife was a passenger in his vehicle, and she died from injuries sustained in the collision. The State charged Lawson with homicide by vehicle related to his wife's death. The district court found Lawson not guilty of that offense, so it is not an issue on appeal.

To discern the elements of serious injury by vehicle, the district court considered the statute and model jury instruction for the offense and determined the elements to be:

> 1. On or about the 3rd day of January, 2022, the defendant: . . . [d]rove a motor vehicle in a reckless manner;
> 2. The defendant's act or acts set out in element 1 unintentionally caused serious injury to [the passenger in the SUV].
> If the State has proved both of the elements, the defendant is guilty of serious injury by vehicle. If the State has failed to prove either of the elements, the defendant is not guilty of serious injury by vehicle.

*See* Iowa Code § 707.6A(4) (2022); Iowa Crim. Jury Instructions 710.4. As noted, the district court found that the State established both elements beyond a reasonable doubt and found Lawson guilty. Lawson only challenges the district court's determination that he operated his vehicle in a reckless manner.

A person drives recklessly by "driv[ing] any vehicle in such manner as to indicate either a willful or a wanton disregard for the safety of persons or property." Iowa Code § 321.277. "[A] person acts recklessly when the person's actions are not merely unreasonable but 'highly' unreasonable; not merely a departure from ordinary care but an 'extreme' departure." *State v. Sutton*, 636 N.W.2d 107, 111 (Iowa 2001) (citation omitted). With that in mind, we turn to the evidence presented at trial.

The posted speed limit on the street upon which Lawson was traveling was thirty-five miles per hour. A law enforcement officer described it as "heavily traveled," and that description was corroborated by the recording from the officer's body camera, which showed steady traffic around the collision location. The officer also explained that traffic in that area is "heavily controlled" because the road is

punctuated with stoplights at each intersection. Photos and a video recording of the area on the day of the accident show the roadway was wet and partially covered in slush.

The driver of the SUV described Lawson as "going really fast and driving like he was out of control." The passenger in the SUV saw Lawson "weaving in and out of traffic" "like a racetrack." Another driver on the roadway noticed Lawson's hatchback behind him weaving around traffic before quickly passing him. That driver saw Lawson's hatchback collide with the SUV.[2] He never saw the hatchback's brake lights illuminate nor did he hear the screech of tires until after the moment of impact. A collision reconstructionist with the Iowa Department of Public Safety studied the scene and determined that Lawson was traveling fifty-nine miles per hour at the time of impact.

Lawson relies heavily on *Penny v. City of Winterset* in an attempt to support his claim that the district court's finding that he drove recklessly is not supported by substantial evidence. 999 N.W.2d 650 (Iowa 2023). He points to the supreme court's reiteration that "recklessness is a difficult standard to meet in Iowa" and its conclusion that a police officer responding to an emergency was not reckless when the officer ran a stop sign and collided with a vehicle in the intersection. *Id.* at 651–56 (cleaned up). But *Penny* is readily distinguishable. The officer in *Penny* was responding to an emergency with lights and siren activated and was legally speeding. *Id.* at 651, 654. Despite the fact he was responding to an emergency and had a clear lane through which he could proceed, the officer still slowed to a

---

[2] The district court found this witness's testimony and observations of Lawson's driving to be credible. We defer to those credibility findings.

speed of twenty-five to thirty miles per hour as he entered the intersection. *Id.* at 651–52, 656. Under these circumstances, the officer's conduct did not rise to the level of recklessness. *Id.* at 656.

In contrast to the officer in *Penny*, Lawson exercised no similar caution. Given the heavily traveled roadway was wet from slush and controlled at every intersection with stoplights, a reasonable fact finder could expect a driver to be alert, ready to stop when necessary, and driving at a conservative speed. Instead, Lawson drove his vehicle without regard for the safety of others as he drove at a speed twenty-four miles per hour in excess of the speed limit as he weaved in and out of traffic. And the evidence also established that Lawson was so inattentive that he never applied the brakes of his vehicle before the collision. We are not persuaded by Lawson's attempts to analyze his conduct in a piecemeal fashion to argue he was merely speeding at the time of impact, which in itself generally does not amount to recklessness. *See Pieper v. Harmeyer*, 235 N.W.2d 122, 128 (Iowa 1975) (noting that speed alone is not sufficient to establish reckless driving). *But see State v. Reed*, No. 01-1340, 2003 WL 118222, at *2 (Iowa Ct. App. Jan. 15, 2003) ("Excessive speed may constitute recklessness."). But we see no reason to only consider Lawson's conduct at the exact time of impact. Instead, we consider all his conduct, the setting, and circumstances in aggregate to determine his conduct was reckless.

We conclude the State presented sufficient evidence such that the district court's finding of recklessness is supported by substantial evidence. *See State v. Lopez-Aguilar*, No. 17-0914, 2018 WL 3913672, at *6 (Iowa Ct. App. Aug. 15, 2018) (finding sufficient evidence of recklessness when considering the conditions

at the time of the accident, topography, the driver's high speed and failure to slow down prior to the point of impact).

**AFFIRMED.**